01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL DUANE BENJAMIN, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C05-1630TSZ-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| B.G. COMPTON, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional

Institution at Lompoc, California.  He has submitted to this Court for review a petition for writ

of habeas corpus under 28 U.S.C. § 2241 in which he seeks to challenge his 2003 Skagit

County Superior Court conviction.  Petitioner asserts in his petition that the plea agreement he

entered into in his Skagit County case was breached.  Specifically, petitioner contends that the

agreement called for a 22 month sentence which would run concurrently with any other state

or federal sentence.  However, because petitioner was never extradited to any other

jurisdiction following his sentencing, he is now serving his federal court sentence consecutively

rather than concurrently.

Subject matter jurisdiction under the federal habeas statutes is limited to persons who

are "in custody" at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a), § 2255.

Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence

REPORT AND RECOMMENDATION
PAGE  - 1 -

01 because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*,

02 490 U.S. 488, 492 (1989).

03       While it is not clear from the petition when petitioner's Skagit County Superior Court

04 sentence expired, the facts alleged by petitioner suggest that the sentence has, in fact,

05 expired.[1] Thus, petitioner is no longer in custody under his 2003 Skagit County conviction.

06 However, this conclusion does not necessarily end our inquiry.

07       When a habeas petitioner is in custody as a result of a subsequent conviction, and an

08 expired conviction has been used to enhance the petitioner's current sentence, the petitioner is

09 "in custody" with respect to the subsequent conviction for purposes of federal habeas review.

10 *See Maleng*, 490 U.S. at 93; *Allen v. Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998); *Feldman*

11 *v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990). Petitioner does not specifically assert that his

12 current federal court sentence was enhanced by his Skagit County sentence, he appears only

13 to allege that he was required to serve more of his state court sentence than was anticipated by

14 the plea agreement and the state sentencing court. Because nothing in the record before this

15 Court indicates that petitioner's current sentence was enhanced by his Skagit County

16 conviction, petitioner does not meet the "in custody" requirement for purposes of federal

17 habeas review of his Skagit County conviction.

18       Even assuming petitioner's instant petition could reasonably be construed as presenting

19 a challenge to his current federal court sentence as enhanced by his state court sentence,

20 petitioner would be required to present that challenge to the federal district court which

21 imposed his current sentence. *See* 28 U.S.C. § 2255. It appears from a previous habeas

22 petition filed by petitioner that his current sentence was imposed by the United States District

23 Court for the District of Idaho. *See* C04-2123MJP.

24

---

25    [1] Petitioner asserts that he was sentenced in his Skagit County Superior Court case on
April 17, 2003. Petitioner's 22 month sentence would therefore likely have expired, at the
26 latest, in early 2005.

REPORT AND RECOMMENDATION
PAGE - 2 -

01       For the foregoing reasons, petitioner's federal habeas petition should be dismissed

02  without prejudice.  A proposed order accompanies this Report and Recommendation.

03       DATED this 29th day of November, 2005.

04

                                 JAMES P. DONOHUE

05                                 United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE  - 3 -